**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1181

DOROTHY LAFORTUNE,

Plaintiff, Appellant,

v.

CITY OF BIDDEFORD, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

Dorothy Lafortune on brief pro se.
Harry B. Center II, Aaron P. Burns and Smith, Elliott, Smith & Garmey, on brief for appellees.

---

May 26, 2004

---

**Per Curiam**.  Dorothy Lafortune challenges the district court's dismissal of her claims brought under 42 U.S.C. § 1983 against the City of Biddeford, Maine, ("Biddeford") and its Mayor, as moot.  We conclude that the district court erred in finding that defendants had met its burden of demonstrating that the challenged conduct would not recur.

Lafortune's claims centered on two Biddeford City Council orders which removed her public access cable television program from the air and suspended her right to use Biddeford's public access television facilities for "a minimum period of one year." Lafortune also argued that Biddeford's requirement that she obtain written releases from any private citizen to be mentioned in her program before the program aired violated the Cable Communications Policy Act of 1984, 47 U.S.C. § 544(f), as well as the First and Fourteenth Amendments to the United States Constitution.

After a magistrate judge issued a Recommended Decision concluding that Biddeford's release requirement violated § 544(f)(1) and imposed an unconstitutional prior restraint on LaFortune's freedom of speech, Biddeford adopted an emergency ordinance suspending operation of all community access broadcasting pending revision of the terms governing use of the public access channel.  The ordinance further stated Biddeford's intention to promptly resume public access programming.  The district court subsequently stayed the litigation to allow Biddeford to determine

-2-

its future public access policy, and the parties were ordered to submit status reports to the court every sixty days.

Two months later, Biddeford resumed, on an interim basis, broadcasting public meetings, but continued its "suspension" of programming produced by members of the public. Despite repeated assurances by Biddeford that it was actively reviewing and rewriting its entire public access policy, in December 2002, Biddeford filed a status report and request for dismissal. The City said inter alia: "Granting any of this requested relief [sought by the plaintiff] will be meaningless, unless the City of Biddeford chooses to provide a public access channel." At most, the relief sought would lead to "a possible order to allow the Plaintiff to broadcast programming on a channel that may not exist."

It is unclear whether further representations were made by Biddeford in further submissions or in any oral hearing that may have been held but no such representations are set forth in its brief on this appeal. Pertinently, that brief says the following:

> In the fall of 2002, Biddeford reopened its public access channel only for school-sponsored programming, as well as city council and planning and zoning board meetings. . . . In December 2002, the court concluded that Biddeford's public access channel no longer provided a forum for any public access, including LaFortune, and dismissed the complaint as moot.

What led the court to so conclude is not stated in the brief. Although the brief goes on to describe the elimination of public

access as "permanent," there is no reference to any fact to support such a label.

The district court's order also describes no specific representation by Biddeford. It says in relevant part:

> After repeated assurances to this court that its whole public access program was being rewritten, and after the interim reinstatement of public meeting broadcasting, Biddeford now seemingly takes the position that no further change is any longer in the offing. The most recently announced position leads me to the conclusion that this lawsuit is now moot.

Missing from this is any express representation by Biddeford that it has determined permanently to discontinue public access. Possibly, based on repeated delays in producing the promised new regime for reopening public access, the district court made a practical judgment that resumption of full-scale public access was unlikely. In any event, it dismissed the case as moot (albeit with some expressed misgivings).

We are not persuaded on this record that Biddeford carried its "heavy burden" to show that this case is moot, a burden that has a special bite when the mootness claim is based on voluntary action-- or in this case inaction--by the party who is attempting to invoke the doctrine. See Conservation Law Foundation v. Evans, 360 F.3d 21, 24-27 (1st Cir. 2004). In the absence of a well-supported and credible express representation by Biddeford that full-scale public access is permanently off the table, we see no way to sustain a finding of mootness. Possibly on remand the district court can

-4-

point to prior statements, or new ones may be forthcoming, to show that Biddeford has permanently eliminated full-scale public access.

Whether such a representation, if adequately supported and found credible, would render the case moot is not entirely clear. Although Lafortune's various complaints and brief on appeal are not crystal clear, there is a suggestion in her brief on appeal that she regards Biddeford as having reinstated public access while selectively limiting who may use it; and, on this ground, or as redress for past abuse, she may be charging that Biddeford is now forced to provide access to her. Whether she chooses to develop such a nascent argument on remand, or whether it has any merit, are issues to be settled in the district court. We mention these possibilities only to make clear that we have not foreclosed them by referring to the inadequacy of Biddeford's current representation.

The order of the district court dismissing the case is <u>vacated</u> and the matter <u>remanded</u> for further proceedings. This is without prejudice to a further order finding mootness on a more developed record.

<u>It is so ordered</u>.